UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE LOPEZ AND STEPHEN LOPEZ, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6029** |
| **STATE FARM GENERAL INSURANCE CO., JONATHAN MALONE, individually and d/b/a STATE FARM GENERAL INSURANCE CO.** | **SECTION "C" (4)** |

### ORDER AND REASONS

This matter comes to the Court on State Farm Fire and Casualty Insurance Company's (originally named "State Farm General Insurance Company"; hereinafter "State Farm") motion to dismiss. Rec. Doc. 11. The Court, having considered the record, the law, and the memoranda of counsel, GRANTS the motion for the following reasons.

### I.  Procedural History

The plaintiffs brought this action in the Twenty-Fifth Louisiana Judicial District Court for alleged improper processing of flood insurance claims after Hurricane Isaac. Rec. Doc. 1-2. The original complaint alleges that Jonathan Malone sold plaintiffs their flood insurance policy on behalf of State Farm and that State Farm, in attempting to satisfy its policy obligations, negligently miscalculated damages and misvalued properly and generally acted in bad faith. Id. ¶¶ 2, 12, & 13. On October 3, 2013, State Farm filed a notice of removal, arguing for this Court's original jurisdiction under National Flood Insurance Act (NFIA), 42 U.S.C. § 4001, *et seq.* and 28 U.S.C. §§ 1331, 1332, and 1337.

**II.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) will be granted when a plaintiff fails to allege any set of facts that would entitle her to relief.  *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). When reviewing a motion to dismiss, the Court construes allegations of the complaint liberally in favor of the plaintiff and accepts all well-pleaded allegations as true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). To survive a motion to dismiss for failure to state a claim, a complaint must include more than labels and conclusions and a formulaic recitations of required elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959 (2007). Rather, the well-pleaded factual allegations, taken as true, must plausibly give rise to entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

State Farm's motion relies in part on evidence outside of the pleadings - in particular, the plaintiffs' purported flood insurance policy document. *See* Rec. Doc. 11-3. The Court will therefore construe the motion to dismiss as a motion for summary judgment and apply the appropriate standard of review. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998). Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is satisfied, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### III.   Analysis

State Farm argues that the claim against it should be dismissed because it did not issue the policy under which the plaintiffs submitted their claims for payment. The policy document submitted with their motion confirms this allegation. Rec. Doc. 11-3. State Farm argues that this fact compels dismissal because it shows that State Farm lacked contractual privity with the plaintiffs. Rec. Doc. 11-1 at 4-5. Consultation of the NFIA regulations confirms that liability for policy handling only extends to a company that issues a policy under the program. 44 C.F.R. § 62.23(g). The plaintiffs have not filed an opposition. To the contrary, they have sought leave of the Court to amend their complaint to eliminate all references to State Farm as a defendant or policy-issuer in this case. Rec. Doc. 15. Under these circumstances, State Farm's request to have the entirety of the complaint against it dismissed should be granted.

Accordingly,

IT IS ORDERED that State Farm Fire and Casualty Insurance Company's motion to

dismiss is GRANTED. Rec. Doc. 11.

IT IS FURTHER ORDERED that summary judgment[1] be entered in favor of State Farm Fire and Casualty Insurance Company and against the plaintiffs.

New Orleans, LA, this 23rd day of December, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Bolen v. Dengel*, 340 F.3d 300, 314 (5th Cir. 2003) (order granting motion to dismiss is treated as a grant of summary judgment where evidence outside the pleadings is considered).