## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE LOPEZ AND STEPHEN LOPEZ, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6029** |
| **STATE FARM GENERAL INSURANCE CO., JONATHAN MALONE, individually and d/b/a STATE FARM GENERAL INSURANCE CO.** | **SECTION: "C" (4)** |

### ORDER AND REASONS[1]

Before this Court are the motion to dismiss of Gulf Coast Flood, LLC ("Gulf Coast") and

Jonathan Malone, individually and d/b/a Gulf Coast Flood, LLC ("Mr. Malone") for failure to

state a claim upon which relief may be granted under Rule 12(b)(6) (Rec. Doc. 26) and the

motion to dismiss for lack of subject matter jurisdiction and for summary judgment of the

Federal Emergency Management Agency ("FEMA") and its administrator William Craig Fugate

under Rule 12(b)(1) (Rec. Doc. 34). Plaintiffs have filed no opposition to either motion. Having

considered the record, the memoranda of counsel and the law, the Court hereby GRANTS both

motions and DISMISSES the complaint.

### I. BACKGROUND

This matter concerns Hurricane Isaac-related flood insurance claims made by plaintiffs

under a Standard Flood Insurance Policy (SFIP). Plaintiffs allege that this policy was issued by

FEMA pursuant to the National Flood Insurance Act, but sold by Malone as owner and/or agent

of Gulf Coast. Rec. Doc. 17 at 2. The plaintiffs allege that the "defendants" "placed a valuation

---

[1] Haiming Li, a third-year student at Washington University Law School, assisted in the preparation of this Order and Reasons.

on the insured property and used that valuation for determining the premium charge for the policy requiring the insurer to compensate a covered loss or damages 'without deduction or offset.'" *Id.* at 3. The policy covered up to $250,000.00 for damage to their dwelling and $100,000.00 for damage to its contents, for a total of $350,000 in coverage. Rec. Doc. 1-2 at 2.

Plaintiffs allege that their insured property was totally destroyed by Hurricane Isaac. *Id.* It is undisputed that FEMA paid plaintiffs $234,513.02 for their dwelling and $80,566.17 for its contents, for a total of $315,079.19 or $34,920.81 below the policy limits. *Id.*; Rec. Doc. 34-2. On this basis, plaintiffs claim that FEMA negligently miscalculated their damages, misvalued their property, and/or improperly adjusted their claim. Rec. Doc. 1-2. In addition, or in the alternative, plaintiffs claim that defendants Malone and Gulf Coast failed to properly advise them regarding the nature of their coverage or the true value of their property or to purchase the correct amount of insurance on their behalf. *Id.*

Plaintiffs ultimately claim that FEMA, Gulf Coast and Malone are jointly and severally liable for an "amount sufficient to compensate plaintiffs for the damages sustained, together with legal interest thereon from the date of judicial demand, all costs of proceedings, and for all general and equitable relief." *Id.* at 5.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) should be granted when the well-pleaded factual allegations of the complaint, taken as true, fail to raise the plaintiff's entitlement to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To defeat such a motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on

its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of [liability], the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When considering such a motion, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the content of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "[H]owever, [the Fifth Circuit has] specifically allowed … 'documents that a defendant attaches to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id*. at 489 (quotations and citations omitted).

## B. Rule 12(b)(1)

In deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court is free to weigh the evidence and resolve factual disputes. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry

the burden of proof for a Rule 12(b)(1) motion to dismiss. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). "[T]he court may not dismiss a claim unless it appears certain that the 'plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief.'" *United States v. States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

## C. Summary Judgment

"Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, 'there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.'" *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); *see also* Fed. R. Civ. P. 56(c). If the non-moving party would bear the burden of proof at trial, the party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324.

## III. LAW AND ANALYSIS

## A. Plaintiffs have failed to state any claim for relief against Gulf Coast and Malone.

In their motion to dismiss, Gulf Coast and Malone argue that the plaintiffs' allegations against them do not support any possible cause of action. Rec. Doc. 26-3 at 7. The plaintiffs claim that Gulf Coast and Malone were

> negligent in the procurement of flood insurance for [plaintiffs], in not properly
> valuing the property, negligent failure to properly advise petitioner as to the

4

> correct limits of coverage and/or properly advising [plaintiffs] as to the purchase
> of the correct amount of insurance to fully cover their home… Or in the
> alternative, in procuring insurance the limits of which could never be obtained
> given the property insured.

Rec. Doc. 17 at 3-4. In the interests of justice, the Court construes this as a joint claim of

negligent procurement and negligent misrepresentation.[2] *See* Fed. R. Civ. P. 8(e) ("Pleadings

must be construed so as to do justice."). As the following analysis shows, the complaint does not

demonstrate plaintiffs' entitlement to prevail on either claim.

1. Negligent Procurement

    The plaintiffs allege that Gulf Coast and Malone were "negligent in the procurement of

flood insurance for [plaintiffs]." Rec. Doc. 17 at 3-4. Under Louisiana Law,

> An insurance agent who undertakes to procure insurance for another owes an
> obligation to his client to use reasonable diligence in attempting to place the
> insurance requested and to notify the client promptly if he has failed to obtain the
> requested insurance. The client may recover from the agent the loss he sustains as
> a result of the agent's failure to procure the desired coverage if the actions of the
> agent warranted an assumption by the client that he was properly insured in the
> amount of the desired coverage.

*Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728, 730–31 (La. 1973).

> An insured has a valid claim against the agent when the insured demonstrates
> that: "1) the insurance agent agreed to procure the insurance; 2) the agent failed
> to use 'reasonable diligence' in attempting to procure the insurance and failed to
> notify the client promptly that the agent did not obtain insurance; and 3) the agent
> acted in such a way that the client could assume he was insured.

---

[2] The claims would not be preempted by National Flood Insurance Act (NFIA), because they
are not related to the handling of an insurance claim, but rather concern a species of an
"insurance procurement." *See Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009) (state law
claims not preempted where they concern "insurance procurement").

*Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 356-57 (La. 2010) (quoting *Karam*, *supra*); *See also Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-30 (5th Cir.1990).

In this case, the plaintiffs fail to allege any specific facts tending to establish that Gulf Coast and Malone failed to use "reasonable diligence" in procuring their insurance. Moreover, Plaintiffs do not even allege that Gulf Coast and Malone failed to procure an insurance policy "as requested," much that they failed to promptly inform them of that fact or of any difference between the policy requested and the policy procured. Therefore, the plaintiffs fail to establish the second and third prongs of the test in *Karam*. Plaintiffs' negligent procurement claim will therefore be dismissed.

## 2. Negligent Misrepresentation

The plaintiffs allege that Gulf Coast and Mr. Malone were negligent in failing to properly advise them as to correct limits of coverage. *See* Rec. Doc. 17 at 3-4. Insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. *Venture Assocs. Inc. of La. v. Trans. Underwriters of La.*, 634 So.2d 4, 6-7 (La. App. 3d Cir. 1994). Louisiana recognizes actions for negligent misrepresentation leading to pecuniary loss when: (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation. *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n. 38 (5th Cir. 1993); *see also Devore v. Hobart Mfg. Co.*, 367 So.2d 836, 839 (La. 1979).

In this case, a negligent misrepresentation claim has not been properly pleaded because plaintiffs have not alleged a breach of the duty to supply correct information. Under Louisiana law, insurance agents owe no duty to spontaneously or affirmatively identify the scope or amount of insurance coverage the client needs or might want. *See Isidore Newman School*, 42 So.3d at 358. As such, the Louisiana Supreme Court has held that an agent cannot breach its duty to supply correct information merely by failing to offer that advice. *Id.* at 354 & n.3.

Assuming that a claim for negligent misrepresentation could possibly lie for negligently miscalculating the value of covered property, plaintiffs fail to allege specific facts tending to show that defendants engaged in this kind of behavior. They have only alleged, in conclusory fashion, that Gulf Coast and Mr. Malone were negligent in valuing their property. Such an allegation cannot survive a motion under 12(b)(6). *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (a plaintiff must plead specific facts not mere "conclusory allegations" to avoid dismissal for failure to state a claim). Therefore, plaintiffs fail to state a claim for negligent misrepresentation and the complaint against Malone and Gulf Coast should be dismissed with prejudice.

**C. FEMA is not a proper party defendant.**

The federal defendants argue that FEMA, as a federal agency, cannot be sued in its own name. Rec. Doc. 34-1 at 7. Federal agencies, such as FEMA, are shielded from suit by sovereign immunity, absent an applicable waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is a limit on subject matter jurisdiction. *Id.* 42 U.S.C. § 4072 provides:

> [The] Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant…may

institute an action against the Administrator on such claim in the United States district court…

(emphasis added). FEMA's administrator instead of FEMA is the proper party defendant in a dispute arising under SFIP. *See* 42 U.S.C. § 4003(a)(6) ("'[administrator]' means the Administrator of the Federal Emergency Management Agency); *see also Windes v. Haeuser Ins. Agency, Inc.*, No. 06-5320, 2007 WL 1238499, at *1 n.1 (E.D. La. Apr. 26, 2007) (holding the Federal Insurance Administrator is the proper party in actions arising under the NFIA). Therefore, the plaintiffs' claims against FEMA should be dismissed for lack of subject matter jurisdiction.

**D. Plaintiffs failed to submit a timely Proof of Loss for their SFIP claim.**

The federal defendants argue that plaintiffs failed to timely submit a Proof of Loss for the additional amounts claimed in this litigation. Rec. Doc. 34-1. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). The SFIP, as set forth in the Code of Federal Regulations, provides that the insured must submit a sworn proof of loss, asserting amount the insured is claiming under the policy. *Id.* "[P]rovisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced…[A]n insured's failure to provide a complete, sworn Proof of Loss statement…relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

In this case, plaintiffs have submitted a sworn Proof of Loss for a total of $315,079.19 in Hurricane Isaac related damages, which FEMA paid in due course before this lawsuit was filed. Rec. Doc. 34-2 at 3, ¶¶ 10-12; *see also id.* at 21-24 (Proof of Loss and proof of payment). While plaintiffs allege that their true damages exceeded this amount, they have submitted no additional

Proof of Loss to support this supplemental claim. Id. at 3, ¶ 13. Therefore, the defendants have no obligation to pay this claim, and their motion for summary judgment should be granted on this issue.

**E. Plaintiffs' extra-contractual state law claims are preempted.**

The federal defendants argue that plaintiffs' extra contractual claims and their claims for attorney's fees, under state law, should be dismissed. Rec. Doc. 34-1 at 9-11. 44 C.F.R. pt. 61, app. A(1), art. IX provides: "This policy [(SFIP)] and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, and Federal common law." Therefore, state law tort claims arising from claims handling under a SFIP are preempted. *See Wright v. Allstate Ins. Co.*, 415 F.3d 385, 390 (5th Cir. 2005). In addition, the term "Federal Common Law" should not be interpreted in order to allow parties re-label state law claims as federal common law claims. *Dickerson v. State Farm Fire & Cas. Co.*, No. 06-5181, 2007 WL 1537631, at *2 (E.D. La. May. 23, 2007). "There is no indication…that Congress intended to create new federal common law to resolve disputes arising from the adjustment or claims handling of a flood claim made under a SFIP." *Id.* Plaintiffs are further precluded from recovering attorneys' fees under state law. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) (holding a prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage).

Therefore, all plaintiffs' extra-contractual claims arising from defendants' alleged faulty adjustment are preempted by federal law and defendants' motion for summary judgment should be granted on the remainder of plaintiffs' complaint.

Accordingly,

IT IS ORDERED that the Rule 12(b)(6) Motion to Dismiss of Defendants Gulf Coast Flood, LLC and Jonathan Malone, Individually and d/b/a Gulf Coast Flood, LLC is GRANTED. Rec. Doc. 26.

IT IS FURTHER ORDERED that the Motion to Dismiss and Motion for Summary Judgment filed by William Craig Fugate, Administrator of the Federal Emergency Management Agency and the Federal Emergency Management Agency is GRANTED. Rec. Doc. 34.

IT IS FURTHER ORDERED that all claims against the Federal Emergency Management Agency be DISMISSED without prejudice.

IT IS FURTHER ORDERED that all remaining claims in this matter be DISMISSED with prejudice.

New Orleans, Louisiana, this 8th day of August 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE